UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
GILBERTO VALENTIN,            :
                              :
          Plaintiff,          :
                              :
v.                            :   Civil No. 3:13CV1859(AWT)
                              :
BRIDGEPORT POLICE DEPT.,      :
JOSEPH GAUDETT, JAMES HONIS,  :
JOHN GALE, and THOMAS LATTANZO,:
                              :
          Defendants.         :
                              :
------------------------------x
```

## ORDER RE MOTION FOR SUMMARY JUDGMENT

For the reasons set forth below, Defendants' Motion for
Summary Judgment (Doc. No. 28) is hereby GRANTED.  The Clerk
shall enter judgment in favor of the defendants with respect to
all claims in the plaintiff's Complaint.

### Legal Standard

A motion for summary judgment may not be granted unless the
court determines that there is no genuine issue of material fact
to be tried and that the facts as to which there is no such
issue warrant judgment for the moving party as a matter of law.
Fed. R. Civ. P. 56(a).  See Celotex Corp. v. Catrett, 477 U.S.
317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22
F.3d 1219, 1223 (2d Cir. 1994).  When ruling on a motion for
summary judgment, the court may not try issues of fact, but must

1

leave those issues to the jury.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987).  Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted).  A material fact is one that would "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.  Only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted.  Immaterial or minor facts will not prevent summary judgment.  See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most

2

favorable to the non-movant and . . . draw all reasonable inferences in its favor."  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)(quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). However, the inferences drawn in favor of the nonmovant must be supported by evidence.

### Count One (§ 1983 Equal Protection) and Count Two (§ 1981 Race Discrimination)

In Count One, the plaintiff asserts an equal protection claim against defendant Bridgeport Police Department ("BPD") pursuant to 42 U.S.C. § 1983.  Once action under color of state law is established, the elements of a § 1983 equal protection claim parallel those of a Title VII claim.  See Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004).  The plaintiff may establish his prima facie case by showing "1) that he belonged to a protected class; 2) that he was qualified for the position he held; 3) that he suffered an adverse employment action; and 4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."  Id. at 152.

In Count Two, the plaintiff asserts a claim against BPD for race discrimination in violation of 42 U.S.C. § 1981. "Employment discrimination claims brought under section 1981 are generally analyzed under the same evidentiary framework that

applies to Title VII . . . claims." <u>Hyunmi Son v. Reina Bijoux,</u>
<u>Inc.</u>, 823 F. Supp. 2d 238, 242 (S.D.N.Y. 2011).  "In order to
state a prima facie case of race discrimination, a plaintiff
must show that: (1) []he was a member of a protected class, (2)
[]he was qualified for h[is] position, (3) []he suffered an
adverse employment action, and (4) the circumstances of the
adverse action give rise to an inference of discrimination based
on h[is] membership in the protected class."  <u>Id.</u>

   "An adverse employment action is a materially adverse
change in the terms and conditions of employment. . . .  [S]uch
an action is one which is more disruptive than a mere
inconvenience or an alteration of job responsibilities."
<u>Fairbrother v. Morrison</u>, 412 F.3d 39, 56 (2d Cir. 2005).  "A
materially adverse change might be indicated by a termination of
employment, a demotion evidenced by a decrease in wage or
salary, a less distinguished title, a material loss of benefits,
significantly diminished material responsibilities, or other
indices ... unique to a particular situation."  <u>Galabya v. New</u>
<u>York City Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000).

   Here, there is no evidence that the plaintiff suffered a
materially adverse change in the terms and conditions of his
employment.  The factual allegations in the Complaint merely
describe a three-year period of time from 2008 through 2011
during which the plaintiff filed reports and complaints against

defendants John Gale and Thomas Lattanzio alleging improper job performance and motivations, and they filed similar reports and complaints against the plaintiff.  Therefore, the plaintiff has not met his burden of producing evidence that he suffered a "materially adverse change" in the terms and conditions of his employment.  See Cunningham v. New York State Dep't of Labor, 326 Fed. Appx. 617, 619 (2d Cir. 2009) ("[E]veryday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions within the meaning of Title VII.").

### Count Three (Negligent Retention)

"Under Connecticut law, a plaintiff alleging a negligence cause of action has two years from the date his injury is sustained or discovered to bring an action against the alleged tortfeasor."  Brady v. U.S. Airways Group, Inc., No. CIV. 300CV828AHN, 2001 WL 406327, at *1 (D. Conn. Apr. 4, 2001) (citing Conn. Gen. Stat. § 52-584).  Here, the plaintiff's interrogatory answer states that Count Three is based on an incident that took place on December 28, 2008.

> On December 28, 2008 Deputy Chief James Honis came to patrol on the A-Shift to ensure that Gale did not lose a turn on the overtime schedule even though Gale refused to work under the supervision of the plaintiff; Honis excused the conduct of Gale by contending that the two of them were required to be kept apart because Gale filed a hostile work environment complaint against Plaintiff; Honis went out of his way to assist Gale by coming in to work dressed in civilian clothes.

(Defs.' Rule 56(a) Statement, Doc. No. 28-2, ¶ 17.)   The
plaintiff's Complaint was filed on November 11, 2013 in state
court.   Therefore, the defendants are entitled to summary
judgment on Count Three because the claim is barred by the
statute of limitations.

In addition, even if the claim is not time-barred, it is
barred by the doctrine of governmental immunity.   See Conn. Gen.
Stat. § 52-5577n(a)(2)(B) ("[A] political subdivision of the
state shall not be liable for damages to person or property
caused by . . . negligent acts or omissions which require the
exercise of judgment or discretion as an official function of
the authority expressly or impliedly granted by law.").   "Courts
in this state have previously recognized that 'considerations of
who to hire, how to train such people, and how to supervise
employees are decisions requiring the use of judgment and
discretion.'"   Bento v. City of Milford, No. 3:13CV1385 JBA,
2014 WL 1690390, at *5 (D. Conn. Apr. 29, 2014) (quoting Gervais
v. Town of West Hartford Bd. of Educ., 1996 WL 456370, at *4
(Conn. Super. Ct. July 31, 1996)).   See also Mazariegos v. City
of Stamford, No. FSTCV116010359S, 2013 WL 5969146, at *3 (Conn.
Super. Ct. Oct. 17, 2013) (stating "a municipality generally
enjoys wide discretion in hiring, disciplining and terminating
municipal employees" and collecting cases).

## Count Four (Negligent Infliction of Emotional Distress)

The plaintiff brings a claim in Count Four against defendants Gale and Lattanzio.  "[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process."  Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997) (internal quotation marks and citation omitted).  Here, it is undisputed that the plaintiff continues to be employed as a Sergeant with the Bridgeport Police Department.  Therefore, he cannot satisfy the requirements for bringing such a claim.

In addition, the last action on the part of defendant Gale the plaintiff refers to in support of his claim occurred on January 8, 2010 (see Compl., Doc. No. 1, ¶ 32) and the last action on the part of defendant Lattanzio occurred on June 5, 2011 (see Compl., Doc. No. 1, ¶ 104).  The Complaint was filed on November 11, 2013 in state court.  Under Conn. Gen. Stat. § 52-584, negligence claims have a two-year statute of limitations.  Therefore, even if the plaintiff could satisfy the other requirements for bringing such a claim, the claim is barred by the statute of limitations.

**Conclusion**

Accordingly, the Clerk shall enter judgment in favor of the defendants with respect to all counts in the plaintiff's Complaint.

The Clerk shall close this case.

It is so ordered.

Dated this 27th day of April 2015, at Hartford, Connecticut.

_____/s/_____
                Alvin W. Thompson
        United States District Judge